THE STATE, *ex rel.* BRACKETT *v.* THE COUNTY JUDGE OF FLOYD COUNTY.

Where a party has a claim against a county, which the county judge refuses to allow or disallow, he has a speedy, plain and adequate remedy in the ordinary course of the law, and is not entitled to a writ of *mandamus*, to compel the county judge to act upon his claim.

Under the Code, it is not necessary that a claim against a county, shall be presented to the county judge, before suit can be brought against the county.

*Appeal from the Floyd District Court.*

WEDNESDAY, DECEMBER 23.

*Mandamus.* Ira Brackett filed his information in the district court of Floyd county, alleging that he had entered into a written contract with the defendant, to do certain work, and furnish certain materials, in and about the erection of a court house for said county. He avers that he has fully complied with the contract on his part, and that there is due him thereon, a large sum of money, naming it. He further states, that he had presented his said claim to the county court for allowance, but that said court had refused to audit the same, and had refused to

either allow or disallow said demand; but on the contrary, had refused to act thereon in any way whatever. He thereupon prays for an alternative writ of *mandamus*, commanding the said county judge to audit his said claim, and draw a warrant on the treasurer of the county, for the amount thereof appearing to be due said relator, or show cause why he has not done so. The alternative writ was issued as prayed for, to which defendant appeared and demurred, and for cause thereof, set out that said relator had " a plain, speedy and adequate remedy in the ordinary course of the law." This demurrer was overruled; and the defendant refusing to answer or show further cause, the peremptory writ was ordered to issue, and did issue, commanding the county judge to audit said claim, and draw his warrant for as much as should appear to be due thereon. From these proceedings, the defendant appeals.

*J. O. Crosby* and *E. Odell*, for the appellant.

*D. W. Poindexter*, for the appellee.

WRIGHT, C. J.—The writ of *mandamus*, under the Code, issues to any inferior tribunal, board, or person, to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; but it is not to issue in any case, where there is a plain, speedy, and adequate remedy, in the ordinary course of the law. Sections 2179, 2182. In this case, the only question we shall consider, is, whether the relator has this speedy, plain, and adequate remedy, in the ordinary course of law; or, in other words, whether, under the circumstances disclosed in this record, he was entitled to the process prayed for, in order to the ascertainment of his rights. We think he was not. It is not to be denied, that it was the duty of the county court, when the party presented his claim, to pass upon it, and either allow or disallow the same. Having

failed to so act, however, it by no means follows that the relator is entitled to a *mandamus*, to compel it to act.

Under the statute of 1843, (chapter 31), any person having a claim against a county, was required to first present the same to the board of county commissioners for payment, and the party aggrieved, by any decision thereon, was given an appeal. In *Wappello Co.* v. *Sinnamon*, 1 G. Greene, 413, it was held, that the common law remedy, by action against the county, was not taken away by this statute, but that the party had his election to either appeal from the decision made, or institute his action in the district or other proper court. In that case, Sinnamon had presented his claim, but, being dissatisfied with the allowance made, instead of appealing, commenced suit before a justice of the peace; and thus the controversy arose. And see *Steele* v. *Davis Co.*, 2 G. Greene, 469.

The Code makes each county a body corporate, capable of suing and being sued. Section 93. Under the Code, however, it is not necessary that a claim shall first be presented to the county court. And, therefore, much more clearly, may a party elect to proceed upon his common law remedy, by action against the body corporate. If he may do so upon a claim not previously presented, or if he may do so, as was held in the case above cited, after the court has audited and allowed a part of his claim, and is not required to appeal, much more clearly may he do so, where, as in this case, he has asked that it shall be audited, and the court has refused to act upon it. The county would, by such act of its legally authorized agent, be estopped from claiming that the demand should first be presented to, and audited by, the county court. We conclude, therefore, that the relator had a plain, speedy, and adequate remedy, in the ordinary course of the law, by an action, in the usual form, against the county. Having such, he had no right to resort to this proceeding.

It is suggested, that the county may have no property, from which the judgment recovered could be collected. To this, it may be answered, in the first place, that after

judgment, the party could have the amount thereof audited, and a warrant drawn and paid from the treasury. In the next place, that the plaintiff might not be able to collect his judgment when recovered, for want of property in the hands of the debtor, cannot enter as an element into this question. If the law gives him a plain, speedy and adequate remedy, by which his claim may be adjudicated, and the amount thereof ascertained and determined, the ability of the debtor to pay the same, cannot become a legitimate subject of inquiry in a proceeding by *mandamus*. And, finally, it may be suggested, that these views derive additional force from sections 1726, 1895–6–7 of the Code; and that under those sections, a party is given an ample remedy, not only against the county, but also, in case of a neglect of duty, against the officers thereof.

One further remark is, perhaps, necessary. In *Clapp* v. *Cedar Co.*, 5 Iowa, 15, and in *Campbell* v. *Polk Co.*, 3 Iowa, 467, it would seem to have been assumed, that unliquidated claims, like the one in this case, must first be presented to the county court, before a party could resort to his ordinary action before another tribunal. No such question, in fact, arose for determination in those cases, and the remarks there made, were probably the result of a prevailing opinion, not controverted by counsel, that such was the express requirement of the Code. And now, when the question first arises, we would remove any impression which might possibly arise from the language used.

Judgment reversed.