MARVIN v. FREMONT COUNTY.

1. ACTION FOR EXPENSES INCURRED IN KEEPING AND MAINTAINING PRIS-ONERS. No action can be maintained on a demand for charges and expenses incurred in keeping and maintaining prisoners in a county jail, before such demand has been presented for settlement and allowance to the county judge. From an order refusing to allow such a

demand, or an order allowing an insufficient amount, the claimant can take an appeal.

2. *The State of Iowa ex rel. Brackett* v. *The County Judge of Floyd County,* 5 Iowa 380. Held inapplicable to this class of cases.

*Appeal from Fremont District Court.*

Monday, April 15.

The plaintiff's claim of $1,742,20 against the county of Fremont, consisted of the following items, to-wit: 1. $100, being the rent of a building from the 24th of November, 1857, to the 1st of January, 1858. This building was erected by plaintiff for a county jail, which, by contract, was not to be completed till the 1st of January, 1858, but was occupied by a prisoner, under an order of the county judge, during the time above specified. 2. $1,500 for performing the duties of jailor in said county for two years ending the 1st of January, 1860. 2. $62 for boarding a prisoner by the name of Edward Chapman, from the 21st of October, 1859, to the 1st of January, 1860, furnishing provisions and fuel at his own expense. 4. $80,20, the amount of a county warrant unpaid, &c.

The plaintiff's right to recover on the three first named items of his account was challenged by demurrer, which was sustained as to the second item and overruled as to the first and third items; whereupon the plaintiff excepted, and brings the question of the validity of that charge by appeal before this court.

*L. Linginfelter* and *Rector & Harvey* and *C. C. Cole* for the appellant.

*Kelsey & Percival* and *John A. Kasson* for the appellee.

Lowe, C. J.—Section 3116 of the Code, provides that "all charges and expenses of safe keeping and maintaining convicts and persons charged with public offenses, and committed for examination or trial to the county jail, shall be

paid from the county treasury, the accounts thereof being first settled and allowed by the county court."

Under this section the sheriff or jailor is undoubtedly entitled to a reasonable compensation out of the county treasury for keeping and maintaining prisoners, but before he can sue the county for such services he must present his account for settlement and allowance, to the county judge. If rejected, or if an insufficient amount should be allowed, the aggrieved party would have the right to appeal, &c. As the above sections of the Code, expressly require that claims of this particular class shall first be presented to the county judge for allowance, they do not fall within the purview of the decision in the case of *The State, ex rel. Brockett* v. *The County Judge of Floyd County*, 5 Iowa 380, which had reference to claims of another description.

The record in this case does not disclose the ground upon which the court sustained the demurrer to this item of the plaintiff's claim; but inasmuch as the plaintiff's petition does not aver or show that he had ever presented his account to the county judge for settlement, we conclude that the court below must have held that no cause of action had accrued, and for that reason sustained the demurrer; and his judgment in that respect is affirmed.