# Miller *v.* McWilliams.

*Motion against Sheriff for Failure to make Money on Execution.*

*Judgment against municipal corporation ; how collected.* — When a judgment has been rendered against a municipal corporation, and an execution thereon has been returned "No property found," the corporation may be compelled by *mandamus* to levy and collect a proper tax to satisfy it; but the private property of the inhabitants cannot be seized under execution on such judgment.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. P. O. HARPER.

This was a motion by F. M. Miller, the appellant, for a summary judgment against E. C. McWilliams, as sheriff of said county, on account of his failure to make the money on an execution, which was issued on a judgment recovered by said appellant against the town of Camden. On the hearing of the motion, it was admitted that the town of Camden, as a corporation, owned no property; that the plaintiff requested the sheriff to levy the execution on the private property of the inhabitants within the corporate limits ; that he refused to do so, and returned it " No property found." The act incorporating the said town, and the several acts amendatory thereof, were also in evidence. On this evidence, the court rendered judgment for the defendant, overruling and refusing the plaintiff's mo-

tion ; to which the plaintiff excepted, and which he now assigns as error.

COCHRAN & DAWSON, for appellant, cited 2 Kent's Com. 323 (mar. 279), note g, 11th ed.; Ib. 316 (mar. 274), note a ; Angell & Ames on Corporations, 2d ed. pp. 25–6, note 1 ; Ib. 499, note 1 ; Ib. (6th ed.) § 629, note 3 ; *Beardsley* v. *Smith*, 16 Conn. 368.

S. J. CUMMING, *contra*, cited Dillon on Municipal Corporations, 433, 641 ; *Horner* v. *Coffey*, 25 Miss. 434 ; *Van Hoffman* v. *City of Quincy*, 4 Wallace, 535 ; *City of Galena* v. *Amy*, 5 Wallace, 705 ; *Riggs* v. *Johnson County*, 6 Wallace, 167 ; *Weber* v. *Lee County*, 6 Wallace, 211 ; *State, ex rel. Sherman*, v. *Milwaukee*, 20 Wis. 87 ; *Walkley* v. *Muscatine*, 6 Wallace, 481 ; *Gorgas* v. *Blackburn*, 14 Ohio, 252.

PETERS, C. J. — The question presented by this appeal is, whether the private property of an inhabitant of an incorporated town is liable to be seized on execution issued on a judgment against the town as a corporation, and sold for the satisfaction of such judgment, when the town possesses no property of its own. This seems to be a question heretofore unsettled in this State. In a well considered case in the supreme court of the State of Mississippi, it was settled in that State in 1853, that, where there is no provision in the act of incorporation, which authorized a resort to the individual property of the inhabitants of an incorporated town for the purpose of discharging a judgment against the corporation, then, the private property of the inhabitants of the town could not be seized on execution against the property of the corporation alone. *Horner* v. *Coffey*, 25 Miss. 434. This is now esteemed to be the better doctrine, outside the New England States. Dillon on Mun. Corp. § 432. The acts incorporating the town of Camden give no power to seize the individual property of its inhabitants, to pay the debts of the corporation. They only authorize a tax to be levied and collected by the corporate authorities for this purpose. Acts of Ala. 1857–1858, p. 225, § 6, No. 181 ; Acts 1869, p. 391, No. 299 ; Acts 1872–1873, p. 286, No. 277. It is the duty of such a corporation to provide for the payment of its liabilities. *County Commissioners* v. *Rather*, at June term, 1872 ; *Ex parte Selma & Gulf Railroad*, 45 Ala. 696. The authority that contracts the debt should attend to its liquidation. After the amount of the liability is fixed by judgment against the corporation, and execution issued on such judgment is returned " No property found," then it becomes the duty of the corporate government to levy and collect such

a tax as may be necessary to discharge the judgment thus existing. If they fail to do this, *mandamus* is the proper remedy. *Walkley* v. *City of Muscatine*, 6 Wall. 481; Dillon on Mun. Corp. § 685, note 4.

Then, the motion against the sheriff in the court below, who refused to levy an execution, issued on a judgment against the town of Camden, on the property of the inhabitants of said town for its satisfaction, was properly overruled and denied.

Besides this, the constitution of this State declares, that " The general assembly shall not have power to authorize any municipal corporation to pass any laws contrary to the general laws of the State, nor to levy a tax on real and personal property to a greater extent than two per centum (per annum) of the assessed value of such property." Const. Ala. Art. IV. § 36. This, then, by implication, if not directly, forbids the property of the citizens of such corporations to be taken for the payment of the corporate debts or liabilities to an amount above this constitutional limit. The sounder exposition of the law does not permit that a burden, which should be borne equally by all, should be inflicted on one or a few. The payment of the liabilities of a municipal corporation is a common burden, and it is only by taxation that it can be equally distributed. For this purpose, the power to levy a tax is given.

The judgment of the court below is affirmed, with costs.