## Armstrong v. Tama County.

1. **Poor : TOWNSHIP TRUSTEES : EFFECT OF DETERMINATION.** Under sections 1387-9 of the Revision, the township trustees, where there is no poor-house, are vested with the power of determining, in the first instance, the question whether the necessities of a poor person are such as to require aid at the public expense, as well as the nature of the relief required, and, if their determination is made in good faith, it is binding upon the board of supervisors, and not subject to review.

2. **Board of supervisors : APPEAL : COUNTY.** Where a claim against a county is presented to and disallowed or reduced by the board of supervisors, the claimant is not limited to an appeal from such decision, but may commence and maintain an action against the county to recover the amount of his claim.

*Appeal from Tama Circuit Court.*

THURSDAY, JULY 13.

ACTION to recover of the defendant the value of certain articles furnished the poor of Tama county, at the special instance and request of the township trustees of Toledo and Otter Creek townships.

The first bill attached to plaintiff's petition is for various articles of medicine, amounting to $20.60; is verified by the affidavit of plaintiff in due form, and has the certificate of the trustees attached as follows:

"We, the trustees of Toledo township, Tama county, Iowa, certify that the above bill is correct, and was furnished at our instance.

"J. Q. CLARK,
"HENRY GALLEY,
"*Trustees Toledo Township, Iowa.*"

The second bill is for medicines furnished one Thomas Brannen, amounts to $20, is verified as the other, and was furnished upon the following order:

"TOLEDO, *August* 27, 1871.

"T. K. ARMSTRONG:

"*Dear Sir* — Please let Thomas Brannen have what medicine he may need, and charge the same to Otter Creek township.

"WILLIAM HIGGINS,
"JAMES HAYES,
"*Trustees.*"

The first count of the answer is in general denial. The second count alleges that the claims set out in the petition were presented to the board of supervisors of said county, while in session, for their allowance, and the board allowed plaintiff $12 upon one bill, and $9 upon the other, and that said allowances are still of record, and plaintiff has not appealed from such finding of said board.

The plaintiff demurred to this second count for the following reasons: Said count shows on its face that neither account was allowed in full. It fails to show that plaintiff accepted the amount allowed. Plaintiff was not bound to appeal from the finding of the board of supervisors.

The court sustained the demurrer, and defendant stood

thereon.   Thereupon the cause was tried by the court without a jury, upon an agreement of the parties as follows : That the items charged in said bills were the reasonable value thereof.   That the original bills annexed to the petition were presented to the board of supervisors of Tama county, for their allowance, and that the board, on the bill mentioned in the first count of the petition, allowed the sum of $12, and on the bill mentioned in the second count of said petition the sum of $9 ; and that plaintiff refused to accept the same.   There being no further evidence introduced, the court ordered judgment for plaintiff on the first count for $20.60, and costs, and on the second count for $9, without costs.   Defendant appeals.

*Stivers & Safely* for the appellant.

*Applegate & Kinne* for the appellee.

DAY, J.—I. The first point made is upon the sustaining of the demurrer.   It is claimed that the act of the board of supervisors, in determining whether or not a bill for the support of the poor presented to them for allowance is reasonable and proper, is judicial and conclusive, unless reversed upon appeal ; and, further, that the board may consider, as an original question, whether any aid should have been furnished.   It is alleged in the petition, and seems to be conceded in the argument, that the articles sued for, were furnished when the board of supervisors were not in session.   Sections 1387, 1388, 1389 of the Revision are as follows :

1. POOR: township trustees: effect of determination.

" The trustees in each township, in counties where there is no poor-house, have the oversight and care of all poor persons in their township, so long as they remain a county charge, and shall see that they are properly relieved and taken care of.   The poor must make application for relief

to the trustees of the township where they may be, and if the trustees are satisfied that the applicant is in such a state of want as requires relief at the public expense, they may, for the time being, afford such relief as the necessities of the person may require, and shall report the case forthwith to the judge (now board of supervisors, see Rev., § 312, subd. 21), who is authorized to deny further relief to such person if he find cause. All claims and bills for the care and support of the poor, shall be certified to be correct by the proper trustees, and presented to the judge (board of supervisors), and if he is satisfied that they are reasonable and proper, they are to be paid out of the county treasury."

The determination, in the first instance, of the question whether the necessities of a poor person are such as to require aid at the public expense, as well as the nature of the relief he requires, must be made by the township trustees. And, if made in good faith, it is binding upon the board of supervisors. In no other way can effect be given to the provision that the trustees may, for the time being, afford such relief as the necessities of the person may require. If their determination that the poor person is entitled to aid is subject to review, by the board of supervisors, when the claim for articles furnished, under direction of the trustees, is presented for allowance, the trustees would never be safe in authorizing aid, nor any one in furnishing it under their direction. True, the trustees are thus authorized to furnish only temporary aid. They must report their action forthwith, that is as soon as in the nature of things they can, to the board of supervisors, who may deny further relief, if they find cause. But they cannot, in their mere discretion, refuse to make an allowance for the relief already furnished. The board of supervisors have power to examine and settle all accounts of the receipts and expenditures of the county, and to examine, settle and allow, all just claims against the county, unless otherwise provided by law. Rev., § 312.

Their powers and duties, respecting the claim in question, are in no respect different from the duties imposed upon them, and the powers vested in them, respecting any other claim presented for their action. It is incumbent upon them to see that the charges made are reasonable. They must, also, see that the things furnished are proper. If the trustees should order for the pauper gold watches or diamonds, the board would not be obliged to order them paid for out of the county treasury. But this is precisely the kind of oversight which they must exert over every claim coming before them. Their acts as to **2. BOARD OF SUPERVISORS: appeal: county.** all are of a *quasi judicial* character. But the law clearly contemplates that an appeal from their action is not the only remedy. Chapter 93 of the laws of the ninth general assembly provides : " That no action shall be hereafter brought in any of the courts of this State, against any county therein, on any unliquidated claim against such county, until the same shall first have been presented to the board of supervisors and payment thereof demanded." This implies that, after such presentation, the action may be instituted. See *Wapello County* v. *Sinnamon*, 1 G. Greene, 413 ; *Steele* v. *Davis County*, 2 id. 469 ; *State ex rel. Brackett* v. *The County Judge of Floyd County*, 5 Iowa, 380. In *White* v. *Polk County*, 17 id. 413, the right to institute a suit against a county upon failure to allow a claim, is distinctly recognized. In *Cooledge* v. *Mahaska County*, 24 Iowa, 211, a suit was maintained against the county, upon a claim similar to this, though it is conceded the question of the right to so sue was not raised.

As we have no doubt that a party, upon the refusal of the board of supervisors to allow an ordinary claim, may sue the county, and is not obliged to appeal from the action of the board, and as we cannot distinguish this from an ordinary claim, we hold that the present action is properly

instituted, and that the court did not err in sustaining the demurrer.

II. Next it is claimed that there is a want of evidence to sustain the judgment. That there is no proof that any of the articles were furnished for the poor ; that they were reasonable or proper; that they were procured by the township trustees; that they were duly certified to be correct, etc. Upon the second bill the court found for plaintiff $9, just the sum which the board of supervisors allowed. Certainly the defendant cannot complain of this action. The financial agents of the county having examined the claim, and allowed the same to the extent found by the court, the defendant should be held now estopped from denying its liability to that extent, especially as the court required the plaintiff to pay the costs of appeal applicable to that portion of the bill. The items of the first bill are all set out as an exhibit to the petition. The township trustees certify that this bill is correct, and was furnished at their instance. The plaintiff makes affidavit of the correctness of the claim, and that the articles were furnished as set forth. It is agreed by the parties that the charges are reasonable. There was no opposing evidence.

In this state of the record the judgment of the court is clearly right.

Affirmed.