STATE BOARD OF EDUCATION *v.* CITY OF WEST POINT.

1. MANDAMUS — WHEN THE ACTION WILL LIE. — Where a discretion is left to an inferior tribunal, the writ of *mandamus* can only compel it to act, but cannot control the discretion. The writ shall not be issued in any case where there is a plain, speedy and adequate remedy in the ordinary course of law. Being regarded as one of the highest writs known to our jurisprudence, it can only be invoked when there is a clear specific legal right, and a duty which can be performed, and there is no other specific and adequate legal remedy.

2. SAME — SAME — CASE IN JUDGMENT. — The city of West Point collected large sums of money from the sale of licenses to retail vinous and spirituous liquors, and used the same for the ordinary purposes of the city government: *Held*, that this money should have been paid into the state treasury as a permanent school fund. Const., art. 8, sec. 6. If the amount of indebtedness by the city authorities be uncertain and unliquidated, the writ of *mandamus* will not lie to compel the levy of a tax to pay the debt. The creditor should first obtain his judgment, and then if there is no money in the treasury out of which his judgment can be paid, he may ask for a *mandamus* to compel the board to levy a tax to pay off his judgment, unless there be some special statute providing another remedy.

ERROR to the Circuit Court of Colfax County. Hon. J. A. ORR, Judge.

The facts in this case are fully set out in the opinion of the court.

*G. E. Harris*, Attorney General, for plaintiff in error:

The mayor and selectmen of the city of West Point collected

large sums of money from licenses to retail vinous and spirituous liquors, and used the same for ordinary city purposes. They should have paid this money over to the state treasurer as a permanent school fund. Const., art. 8, sec. 6.

The petition shows that the defendants had no property liable to execution, had a judgment been obtained. Where a specific duty is required to be performed, and it involves no question of discretion, *mandamus* is the proper remedy. High on Ex. L. Rem., p. 26.

The sum of $4,500 being admitted, and no money to pay that sum, *mandamus* is the proper remedy to compel the levy and collection of the tax to pay the debt. 2 Vernon (N. J.) Rep., 446; High on Mandamus, 264.

It will not be denied that the city of West Point is bound for the moneys so misapplied. Glidden v. Unity, 33 N. H., 571; Crawshaw v. City of Roxbury, 7 Gray, 374; Rev. Code 1871, § 1996–7, p. 455.

*Beverly Matthews & H. B. Whitfield,* on the same side:

The possession of the money and the ownership by plaintiff is not denied by the defendants. It is submitted, that the charter amendment violates the 6th sec. of art. 8 of the constitution, and is an attempt to repeal § 2457 of the Code of 1871. The funds should have been paid into the state treasury for school purposes. Code of 1871, § 2457. The law commits the general management of this fund to the state board of education. Ib., § 1996–7. We insist that mandamus is the remedy. 27 U. S. Digest, p. 431, § 30; Moses on Mandamus, p. 15; Nelson v. Justices of Carter Co., 1 Cald., Tenn., 207. Mandamus is, in modern practice a suit at law. Dillon, 620; Judd v. Driver, 1 Kansas, 455; 24 U. S. Dig., 432, § 29; Kentuky v. Dennison, 24 How., U. S., 66; 21 U. S. Dig., 371, § 1; Dillon, 622. The city own no property, and if they did, it would not be liable to execution at law. Chicago v. Hasley, 25 Ill., 595; Horner v. Coffey, 25 Miss., 434. If the remedy be doubtful, mandamus will lie. Clark v.

Miller, 47 Barb., 38; 27 U. S. Dig., p. 430, § 15; Crandall v. Amador, 20 Cal., 72; U. S. Dig., 391, § 14; People v. Romero, 18, ib., 89; 22 U. S. Dig., p. 395, § 19; 31 Maine, 272; 23 Vt., 487; 12 U. S. Dig., 429, §§ 3 and 8; 5 Texas, 471; 13 U. S. Dig., 476, § 23; Moses on Mandamus, p. 87; ib., 92; Griffin v. Steele, 1 Edm., N. Y. Select Cases, 505; 28 U. S. Dig., p. 410, § 10; State v. Hammell, 2 Vroom (N. J.), 446; 27 U. S. Dig., 430, § 17; Dillon, 621; 9 S. & M., 77; 40 Miss., 268; Dillon, 627; 28 Miss., 38; 42 Miss., 238.

*Barry & Bream,* for defendants in error:

The main questions raised by the demurrer are, that the matters sought to be enforced, are undefined and uncertain, that there is a plain and complete remedy by the ordinary process at law. It will not be granted unless the applicant show at least a *prima facie* case, and there must be no other specific remedy. Board Police v. Grant, 9 S. & M., 77; Swann v. Buck, 40 Miss., 268; Ross v. Lane, 3 S. & M., 695; Beaman v. Board Police, 42 Miss., 237; Angel & Ames on Corporations, §§ 698, 710. Moses on Mandamus, 205; 1 Ohio, 77. If the writ claims too much it will be dismissed. Moses on Mandamus, 207. The relators have another plain and adequate remedy, and mandamus will not lie. 9 S. & M., 90; 42 Miss., 250; 40 Miss., 268; 2 Dillon on Mun. Corp., § 686; Angel & Ames on Corporations, § 714; The King v. Bank of England, 2 Doug., 526; Angel & Ames on Corporations, § 710; Boyce v. Russell, 2 Low (N. Y.), 444; Asylum v. Phœnix Bank, 4 Con., 172. It has been held that a creditor may sue and recover judgment against a corporation, which may be enfored by execution, that mandamus will not lie to compel payment in advance of judgment obtained, and this view is the one most consistent with principle, etc., that mandamus will lie to compel the levy of a tax to pay such judgment. People v. Clarke Co., 50 Ill., 213, 1869; State v. County Judge, 5 Iowa, 380; Coy v. Lyons, 17 Iowa, 1; State v. Davenport, 12 Iowa, 335; Lexington v. Mulliken, 7 Gray, 280, 1856; State v. Clay Co., 46 Mo., 231,

1870. There must be a *clear legal right* in the relator before mandamus will lie. 1 Dillon on Mun. Corp., § 665; Commonwealth v. Pittsburg, 34 Pa. St., 496 and 495; Indianopolis R. R. Co. v. State, 37 Ind., 489; Rex v. Nott. Water Work, 6 A. & E., 355.

SIMRALL, J., delivered the opinion of the court:

This is an action of mandamus, brought on the relation of the state board of education, against the mayor, selectmen and treasurer of the town of West Point, having for its general object a payment into the state treasury for the use of common schools, by these corporate authorities, of the money collected for licenses to retail vinous and spirituous liquors within the town.

The state board of education state in their petition substantially, that sec. 6 of art. 8 of the constitution provides for the establishment of a common school fund, consisting, in part, of all moneys received for licenses for the sale of intoxicating liquors.

That the statute, Code of 1871, sec. 2457, authorizes the corporate authorities in towns and cities to grant licenses, and to assess and collect the tax therefor. The sums so received to be paid into the state treasury for use of common schools.

That the municipal authorities of West Point have, since the adoption of the constitution, granted licenses to sundry persons, for which they have received $4,500. Other licenses have been granted and moneys paid therefor, but petitioners cannot give an accurate statement thereof. And that the corporate authorities have declined and refused to give a full and complete information on request made; but have refused to allow petitioners to inspect their records and papers or to furnish transcripts when demanded.

That said corporate authorities have used and applied the moneys thus received to defray its ordinary, corporate expenses. The town treasurer has refused and failed to pay these funds into the state treasury, after demand made so to do.

There being no money in the treasury, the corporate authorities have declined to make provision to pay these moneys by taxation, as requested.

The prayer is for a writ of mandamus, commanding the mayor and selectmen to make an exhibit of their books, papers, records, vouchers, to audit the claim, to ascertain the sum collected on account of licenses since the adoption of the constitution, what has been paid into the state treasury ; and lastly, commanding them to assess and collect a tax upon the property of said town, sufficient to pay the full sum so found due, etc.

The alternate writ which was issued contained a recital of the matters set forth in the petition, and warned the defendants to perform the acts required, or to appear and show cause.

To this alternate writ there was a demurrer setting forth sundry special grounds, but all of them are, perhaps, particulars resolvable into the general proposition, that the relators have not stated a case appropriate to the relief in this form of action.

The statute preserves the essential characteristics of the proceeding as at common law. The petition of the relator stands in the place of the suggestion and affidavit, which at the common law are the basis of the suit. The alternative writ must allege the facts upon which the relator relies for relief, and must with certainty and particularity state the precise thing the respondent is required to do. It is of the nature of pleading and process both. It serves to advise the respondent of the nature and grounds of the relator's right, and of the thing to be done or omitted by the defendant; it is like process, inasmuch as it is the original of the peremptory writ. Indeed the latter is putting the former in positive and peremptory terms, and must strictly conform to it. In the alternative writ the mandatory clause should state the precise thing required of the respondent. High on Extra Rem., § 539; People v. Brooks, 57 Ill., 142.

If this writ is defective in any important particular, it may be quashed or defeated on demurrer. 1 Dill. Mun. Cor., § 706.

The code of 1871 defines and describes the writ very much as it was at common law, viz: "A writ issuing out of the circuit court commanding an inferior tribunal, corporation, board, officer

or person to do or not to do an act, the performance or omission of which the law specially enjoins as a duty resulting from an office, trust or station. Sec. 1517. The regulations in §§ 1521–1522 or declaratory of or re-enactments of the common law " where a discretion is left to an inferior tribunal, it can only compel it to act," but cannot control the discretion. The writ shall not be issued in any case where there " is a plain, speedy and adequate remedy in the ordinary course of law." See to same point, High's Extraordinary Remedies, pp. 8 and 9.

Being regarded as one of the highest writs known to our jurisprudence, it can only be invoked where there is a clear, specific, legal right and a duty which can be performed, and there is no other specific and adequate legal remedy. People v. Mayor of Chicago, 51 Ill., 28; State v. Sup'rs Washington Co., 2 Chand., 250. The test of the right to this mode of relief is, first, has the party a clear, certain, legal right; and second, has he any other adequate remedy ? If the law affords any other adequate remedy, this extraordinary redress will be denied. People v. Brooklyn, 1 Wend., 318.

The right which the relators assert is, that the respondents have collected and applied the money received for the licenses, to the purposes and uses of the town. It is admitted that the town authorities could rightfully issue the licenses, and fix the amount to be paid in each case. Code, § 2457. But the sum so received " to be for the use of the common school fund, and paid into the state treasury for that purpose." The treasurer of the corporation must collect the amount appointed to be paid therefor, before the license shall be issued. See § 2460. It is the duty of the town treasurer to pay the money thus received by him into the state treasury. Although the corporate authorities determine the amounts to be paid for the licenses, and direct their issuance, and the money is collected by its officer, yet the funds are in no proper sense corporate funds, but belong to the state, to be exclusively devoted to the object named in the constitution and stat-

ute.   To grant the licenses and collect the taxes therefor, the corporate authorities are made the officers or agents of the state. The treasurer of the town is constituted collector for the state. If he should embezzle the funds, it would be difficult to say that the town should be responsible for his misconduct.   But if the moneys go into the town treasury, and are actually used by the corporate authorities, with their sanction or acquiescence, for corporate purposes, then the town would be clearly liable as for money had and received.

The gravamen of the complaint made by the relators is, that the town of West Point has received and directed to its own use, this fund, the exact amount of which is unknown to them, and the treasury being empty, there is no present means of payment, therefore a necessity arises to impose a special tax.

Upon the allegations in the petition and the alternate writ, the respondents are . the creditors of the state on account of the school fund, and liable to account with those charged with the supervision and control of the fund.   That duty as well as the power to bring and maintain appropriate suits at law and in equity in respect of the common school funds, is confided to the state board of education.   Code, §§ 1996, 1997.

The respondents are creditors of the common school fund because, as averred, the fund has been collected and applied to ordinary corporate purposes, instead of being paid into the state treasury as required by law.   The respondents are chargeable with a diversion and conversion of the money.   But are the relators clothed with that dignity and conclusive right as creditors, which entitles them to the assistance of this extraordinary remedy ?

In the first place, the amount of the indebtedness is uncertain and unascertained, and can only be discovered by a production of the corporate books, papers and records, which are asked to be produced to that end.   Two several branches are distinctly presented in this suit.   First. That there shall be an accounting

based upon the municipal records and papers and other evidence, in order to determine the amount received by the respondents, and when that has been judicially determined, then an award of further judgment that the municipal authorities assess and collect a proper tax for its payment.

There is uncertainty as to the amount of the debt, and uncertainty also as to the amount required to be raised by taxation. "*Mandamus* is the appropriate remedy, when the party has no other remedy, and where the right or duty is certain. It will not lie if it is not." Board Police, etc., v. Grant, 9 S. & M., 90. That case is similar to this in its features, and the relief sought. Grant claimed that the county was indebted to him $12,155, and his prayer was for a warrant on the county treasury for that sum, and if there was no money in the treasury, then, that the board of police should be required to levy a special tax for its payment. The answer to the alternate writ denied indebtedness. It was held that power resided in the circuit court to compel the board of police to audit the claim; but not to control or direct its decision ; and second, if the claim had been allowed, and a warrant ordered to be issued, then *mandamus* would lie against the clerk of the board to issue the warrant, and if there were no money in the treasury, the board could be compelled to assess a tax. The doctrine of this case, and others of the same class, rests upon the predicate that the board is by statute required to audit all claims against the county, and, if allowed, it is so noted upon the minutes, and thereupon "the clerk shall issue a warrant on the county treasurer, under the seal of his office, in favor of the claimant for the amount allowed." If the board does not provide means to pay creditors, who have certain liquidated and allowed demands against the county, then a case has arisen for redress by the extraordinary writ of *mandamus.* If the board refuses to allow a claim, then suit may be brought in the circuit court, and if the creditor recover, the "board shall allow the same, and a warrant shall issue as in other cases." Code, § 1384. When the adjudica-

tions speak of the right of a creditor being "certain," "positive," (9 S. & M., *supra;* Beaman v. Board Police, 42 Miss., 242), against a county, so as to give him remedy by *mandamus,* they mean a legal debt which has been allowed by the board, or recovered upon in the circuit court, and not a mere claimant and creditor at large. Arthur v. Adam & Speed, 49 Miss., 408.

But the relators allege in effect, that the municipal authorities repudiate their demands in every particular; decline to pay the $4,500 stated to have been received from certain persons named, and to produce their records in order that the other collections may be discovered, their claim is unliquidated and uncertain as to amount. In order to clothe themselves with the right to the writ of *mandamus,* the relators must present a certain, ascertained liquidated demand; they should at least settle the amount of the indebtedness by the recovery of a judgment at law against the respondents. People v. Clark County, 50 Ill., 213; State v. County Judge, 5 Iowa, 380.

In People v. Clark County, *supra,* the relator was a creditor of the county, and holder of a warrant issued by the proper officer, on the county treasurer. The alternate writ was to show cause why a tax should not be levied to pay his warrant. It was quashed, upon the ground that no other than a judgment creditor could have that remedy. It is because of the peculiar character of the functions of our board of supervisors having, as it is said, judicial as well as ministerial functions — in some respects a court and in others a *quasi* corporation — that greater conclusiveness is given to many of their acts than is assigned to the corresponding body in many other states. See Carroll v. Board Police, 28 Miss., 38; Madison County Court v. Alexander, Walker, 523; 42 Miss., 242; 9 S. & M., *supra.*

The general principle, well fortified by authority, is that the creditor of a city or town has no right to the extraordinary writ of *mandamus* to compel the municipal authorities to levy and collect a tax to pay his debt, until he has reduced his demand to judg-

ment.  The ordinary remedies are open to such creditors, and they must resort to them, unless the debt was contracted under a special statute, which provided some specific remedy in addition to, or in substitution of the ordinary suit.  When the judgment has been obtained, and there is no property subject to execution, then the city or town may be forced by *mandamus* to impose the necessary tax.  Coy v. City Council of Lyons, 17 Iowa, 7; Inhabitants of Lexington v. Mulliken, 7 Gray, 281 ; Horner v. Coffey, 25 Miss., 434; Walkley v. Muscatine, 6 Wallace, 481.

But there is a class of exceptional cases, arising under peculiar statutes, where a recovery of judgment in the first instance has been dispensed with ; as where a municipal corporation is authorized to incur a specific debt and to make provision for payment of principal and interest, by the assessment and collection of taxes. In such cases, the writ may be awarded without judgment, if the debtor does not allege or claim a valid defense.  But if there is any doubt as to the validity of the debt, or the debtor prefers a defense, the writ of *mandamus* ought to be withheld until the demand has been established by judgment.  1 Dillon's Muni. Corp., §§ 687, 688, and cases in notes.

The relator's claim against the town of West Point is not manifested by bond, note or other writing.  There does not exist the privity and relation between the parties of creditor and debtor by express contract.  The liability of the town grows out of a a tortious conversion, to its own use, of part of the common school fund.  Certainly, it cannot be affirmed of a claim of that sort, that it has such certain and positive and conclusive character as to constitute the foundation of the right to the writ.

Before the stringent remedy of compulsory taxation can be resorted to, the right must be established by judgment at law ; and then, if there be no property accessible to final process, the relators will have demonstrated the necessity as well as the right to a *mandamus*.

The judgment, sustaining the demurrer and dismissing the suit, is affirmed.