THE COUNTY OF MAHASKA v. INGALLS *et al.*

1. TREASURER: DEFENSE ON BOND. That the taxes collected by a county treasurer were illegally assessed, cannot be interposed as a defense in an action on his bond.

2. SAME. Where the covenant in the bond of a county treasurer bound him to the discharge of all duties "now or hereafter required of his office by law," it was held that the sureties on the bond were liable for his default in the management of the school fund under a law enacted after the execution of the bond.

3. SAME: DEPUTY. A county treasurer cannot recover against the county for money paid as compensation to a deputy. The county is liable directly to the deputy, and not to the principal.

*Appeal from Monroe District Court.*

WEDNESDAY, DECEMBER 3.

ACTION on a treasurer's bond. The material facts are stated in the opinion of the court.

*Seevers & Williams*, for the appellee.

*Rice, Myers & Rice*, for the appellant.

LOWE, J.—Suit on the official bond of the Treasurer and Recorder of the county of Mahaska for failing to account for certain county, state, road and school taxes collected for the years 1857, 1858 and 1859.

The defendants appeal from the decisions of the court overruling their demurrer to plaintiff's petition, and sustaining plaintiff's demurrer to the second, third, fourth, fifth, seventh and ninth counts in defendants' answer.

These two rulings of the court are assigned for error. The first we pass, because waived by answering over, which is an end to the question raised, unless renewed by motion in arrest, or upon error after final judgment.

Besides denying generally the allegations of the plaintiff's petition, the defendant admits the charges set forth in the same, and pleads a number of special defenses in avoidance of the complaint. The second and third of these special pleas set up certain irregularities or illegalities in the assessment and collection of the taxes as a reason why the treasurer might withhold them from the county, notwithstanding they were paid without objection by the tax-payers, and received under the color, and by virtue of his authority as county collector. The insufficiency of the defense set up in these pleas is too apparent to require exposition. Still it is not more untenable and insufficient than that contained in the fourth and fifth special pleas; which have no claim upon us for a distinct notice, and we leave them to consider the ninth, which declares in substance that, since the bond sued upon was executed, the General Assembly of this state has abolished the office of County School Fund Commissioner, and devolved the duties of that office upon the treasurers of the several counties, whereby their duties were increased to an extent not contemplated when said bond was executed; that they were required to give a new bond, which the treasurer of the county of Mahaska did, after which there came into his hands ten thousand dollars of the said school fund, which constituted a portion of the money for which this suit was brought.

The point upon which this defense is sought to be up-held is, that this act of the Legislature made such a great and fundamental change in the duties and responsibilities of the treasurer that his sureties, upon the bond at least, should not be held amenable for any default growing out of the new and additional duties imposed upon their prin-cipal. But the covenant in the bond binds the principal to perform all the duties *now or hereafter required of his office by law*, and this covenant was inserted agreeably to the provisions of the Code of 1851, §§ 336, 418–20.

The court committed no error in sustaining the de-murrer to the pleas to which we have briefly alluded; nor do we think it did in holding that the seventh plea was insufficient as a set-off, although this point is not quite so obvious. In this plea a claim was set up for money paid a deputy treasurer employed as a necessity from the pres-sure of business. It may be conceded that such employ-ment was authorized by § 417 of the Code of 1851. And whilst Edsol, the employee or deputy, could have presented his claim to the county judge for a reasonable allowance, or might, perhaps, have brought his action at once in the District Court for the same, according to the ruling which we have heretofore made in the case of *Brackett* v. *The County Judge of Floyd County*, 5 Iowa, 380, nevertheless, it does not follow that the treasurer may pay his deputy whatever he shall himself think proper, and then present such payment as an original claim of his own against the county. The statute provides for a reasonable allowance by the county judge. The deputy, in accepting the ap-pointment, by implication, agreed to look to the county for his compensation, and not to the treasurer. It is not com-petent for the latter in this way to make the county his involuntary debtor. We do not say that the deputy might not for a valuable consideration assign his claim to the treasurer, and that as such assignee he could assert his

claim against the county. No such case as this is made in the plea; and confined as we are to its present form, we are inclined to hold as the court below did to its insufficiency, and allow the case to stand

Affirmed.