ESTEP v. KEOKUK COUNTY.

18 199
f126 105

1. **Agency:** MUNICIPAL CORPORATION. The general principle, rendering the master liable for the tortious acts of his servant committed in his service, does not apply to the wrongful acts of the officers of a municipal corporation, who are elected for a definite term, during which they are restrained and governed only by the statutes which prescribe their duties, which statutes, by presumption of law, are known to, and, by the exercise of a reasonable diligence, may be practically understood by, every one who may have business with them.

2. **County:** TORTS OF OFFICERS: LIABILITY. A county is not liable to a taxpayer for moneys fraudulently collected by the treasurer as taxes, and applied to his own use.

*Appeal from Keokuk District Court.*

MONDAY, APRIL 3.

ACTION to recover money paid defendant's treasurer, over and above the true amount of plaintiff's taxes, the excess having been appropriated by the treasurer to his own use, and never paid over to the county. There was a demurrer to the petition, which was sustained, and the plaintiff appeals.

*Wooden & Sampson* for the appellant.

No appearance for the appellee.

COLE, J. — The petition states that plaintiff applied to A. S. Alexander, the defendant's treasurer, to pay 1. AGENCY: the taxes due upon his certain real estate for the municipal corpora- year 1863; that the said treasurer fraudulently tion. represented the taxes (embracing State, county, school, road, school-house and district tax), to be eighteen dollars and ninety-two cents, which plaintiff then paid and took the treasurer's receipt therefor; that in fact said taxes were only ten dollars and thirty-two cents, which was well known to the treasurer, who "only accounted to said county

for the amount due, and the overplus, so wrongfully charged and collected, he then appropriated to his own use."

The only question made by the demurrer is, whether, under such facts, the county is liable. It is understood that this case presents the same question which is involved in very many other contemplated ones, awaiting the result of this. Counsel have referred us to but one authority, *The County of Mahaska* v. *Ingalls*, 14 Iowa, 170; and that case has but little, if, indeed, it has any, bearing whatever upon the question involved in this.

While the relation which a public officer sustains to his constituency is, in many respects, not unlike that of master and servant, yet the respective rights and liabilities of the former are not always to be measured by the rules applicable to the latter.

It is a general principle, that a master is liable even for the tortious acts of his servants, *which were done in his service*, though he is not liable for the *willful and malicious* acts of the servant, nor for those entirely beyond or aside from his service. 1 Pars. on Contr., 87, and notes and authorities; *The Richmond Turnpike Company* v. *Vanderbilt*, 1 Hill, 48, 2 Comst. (N. Y.), 479, and authorities cited. And it is well settled that corporations are liable, in the same manner as individuals, for the action of their servants touching their business. Ang. & Am. on Corp., §§ 382, 383, 388, and authorities cited; *Chestnut Hill, &c., Turnpike Company* v. *Rutter*, 4 Serg. & Rawle, 6, and authorities cited.

County treasurers are elected, pursuant to a general law 2. COUNTY: of the State. Their duties are not wholly in be-torts of of-ficers: lia-half of the county. They collect revenue for bility. the State, for the school districts and road districts, as well as for the county. The statute prescribes their duties, limits and defines their authority. They are, so to speak, special agents, created and clothed by statute with a limited authority, which is, by presumption of law,

known to, and, by reasonable diligence, may be practically understood by, every person who may have business with them. The right of a treasurer to collect taxes does not exist until he has his warrant therefor, which is open to public inspection, and may be seen by every person, who may learn therefrom the amount of taxes due, before he can be required to pay them.

The county cannot control the treasurer in the performance of his duty, nor in the appointment of his deputy, nor remove him from office before the expiration of the term for which he has been elected. He is, to a great extent, independent of the county, as such, although he is, like all other officers, liable to the general laws. To hold that, under such circumstances, the maxim, *respondeat superior*, was applicable, would be as much wanting in justice as it is in authority. Ang. & Am. on Corp., § 311; *Thayer* v. *The City of Boston*, 19 Pick., 511; *Com., &c.*, v. *Mighells*, 7 Ohio St. R., 109; *Mitchell* v. *Rockford*, 41 Maine, 363; *Hafford* v. *City of New Bedford*, 16 Gray; *Walcott* v. *The Inhabitants of Swampscott*, 1 Allen, 101.

The treasurer collected the excess taxes of plaintiff *without authority*, as plaintiff might, before payment, with reasonable diligence, have ascertained. He collected them *willfully*, or, as plaintiff avers, "fraudulently representing" the greater sum as due, "knowing" the less to be the true amount. The county never received any portion of the excess. The treasurer having acted willfully wrong, and without previous authority, subsequent approval, or resulting benefit to the county, it is difficult to see upon what principle the county should be made liable.

It was not liable, and the demurrer was properly sustained.

Affirmed.