## THE STATE OF IOWA v. HASKELL *et al.*

1. **Contract:** CONSIDERATION: PAST TRANSACTION. The evidence showed that the school fund commissioner, with a party to whom he was lending school moneys, called upon the defendant, saying that said party "had borrowed money of the school fund; that as a matter of form he had to have signers on the note;" that the note and mortgage had been executed and delivered to the commissioner before the defendant signed it, that the commissioner said that he had let the principal have the money: *Held*, That the finding of the court below, that this evidence did not establish a past and completed transaction as to the consideration to sustain the defendant's contract as surety, should not be disturbed.

2. **Practice:** FINDING OF THE COURT: PRESUMPTIONS. The same presumptions attach to the finding of the District Court upon a question of fact as obtain in favor of the verdict of a jury.

3. **Agent:** UNAUTHORIZED REPRESENTATION. The unauthorized representations of an agent, especially a public agent whose powers and duties are

expressly defined by a public statute, touching facts not peculiarly within his own knowledge, but regularly open to both parties and readily susceptible of ascertainment, are not binding upon his principal or the public.

—— Representations made by a school fund commissioner with respect to the title or value of lands appraised to be taken as security, form no part of his duty and are not binding upon the State.

*Appeal from Chickasaw District Court.*

TUESDAY, APRIL 17.

SCHOOL MONEY: POWER AND DUTIES OF FUND COMMISSIONER: HIS FRAUDULENT ACTS: WHEN BINDING UPON THE STATE AND WHEN NOT, &C. ——Suit in equity to foreclose mortgage made by Haskell and wife to a school fund commissioner, dated December 18, 1854, to secure a note for school money loaned to Haskell by the commissioner. Leland and Manderville signed the note as sureties for Haskell. Manderville alone makes defense. The substance of his answer is this: That he was surety only: that his signature to the note was obtained by the fraud and misrepresentation of John Bird, the school fund commissioner, and Haskell. The answer sets forth the fraud substantially, as subsequently sworn to by Manderville when a witness on the trial.

The cause was tried by the court, a jury being waived, and judgment given for the plaintiff.

As the only question made in this court is, that the defendant's motion for a new trial, on the ground that the judgment was against the law and the evidence should have been sustained, it is necessary to state the substance of the testimony.

The plaintiff introduced the note and rested. The defendant (Manderville) was sworn in his own behalf, and testified in substance as follows: "Haskell and Bird, the fund commissioners come to me, saying, that Mr. Haskell

had borrowed money of the school fund ($300); that, as a matter of form, he had to have signers on the note; that the real security was real estate, for which a mortgage on one hundred and twenty acres of Haskell's land was already given, which had been appraised and considered of sufficient value to cover the amount. He said the mortgage was good, and that he had looked after it and considered it ample security, and that the land belonged to Haskell, and that the mortgage was all right. The note and mortgage had been executed and delivered to Bird before I signed it. Mr Bird said that he had let Mr. Haskell have the money. I never received any consideration, and signed the note at the request of the school fund commissioners. I should not have signed the note had I not thought that the real security was upon the land and the title right as represented by Bird." Defendant then proved that Haskell did not own the one hundred and twenty acres of land mortgaged, had no interest in it, and never acquired any, but that it was at the time owned and occupied by another person. This was all of the evidence.

Manderville appeals, and assigns for error the overruling of his motion for a new trial, because, on this evidence, the judgment should have been for the defendant.

*F. E. Bissell*, Attorney-General, for the State.

*A. G. Case* for the appellant.

DILLON, J. — I. Defendant insists in this court that he established, by the evidence above set forth, two defenses:

1st. That he signed the note *subsequent* to its execution and delivery, and without any new, or indeed *without any consideration*.

2d. That the execution of it by him was procured by the false and fraudulent representation of Bird, the school fund commissioner, that he had examined the title of the land mortgaged by Haskell, that itw as all right and ample security for the note.

As to the first it may be doubted whether it is made a substantive defense in the answer. But if this be conceded, it may well be questioned whether, upon the defendent's own evidence, it distinctly appears that the loan to Haskell was a *complete and past* transaction at the time the appellant signed the note. Haskell and Bird came to him together and stated that the money had been borrowed, but that they must have another name.

1. CON-TRACT: consideration; past transaction.

If the District Court found on the evidence that this defense was not sustained, this finding was not so clearly wrong as to justify us in interfering; indeed we think the finding was right. This class of cases are tried as at law and the finding of the court below has the same presumptions in its favor, as obtain in favor of the verdict of a jury.

2. PRAC-TICE: finding of the court: presumption.

II. So in respect to the defense of fraud, the same presumption of correctness attaches. The defendant did not show that Bird's representation that he had examined the title, was false. For aught that was shown, Bird did examine the title of Haskell, and did find it to be, as he believed, all right. If so, Bird's representations would not have been fraudulent, even though he was mistaken, and it should turn out, as it did, that in point of fact, Haskell had no title. And the court place their affirmance of the judgment of the court below upon the basis that the appellant has not made such a clear case as will, upon the well known rules which govern appellate tribunals, justify an interference on the ground that the judgment was against the weight of the evidence. So much as to the facts.

III. There is involved in the case, also, an interesting question of law respecting the force and effect of acts of public officers or agents, which it is proper briefly to notice. Let it be assumed that the appellant had succeeded in establishing that it was Bird, the school fund commissioner, alone, who came to him to get him to sign the note; that he represented that he had examined the title, when in fact he had not; also that the title was good, when in fact he knew it to be false; suppose the appellant had clearly shown this state of facts, would it have been a defense against the State of Iowa, the owner of the said fund, which was intrusted to the management of the school fund commissioner to invest?

**3. Agent: unauthorized representation.**

The powers and duties of this officer, in loaning out the fund, were prescribed by statute. Code, 1851, § 1100, *et seq.* This required a note to be executed by the borrower, "with two good sureties, secured by mortgage on real estate of the unincumbered value of double the amount of the money loaned," the value of the land to be fixed by three appraisers.

Now, it may be admitted that such an officer, when acting within the apparent scope of the power given to him, may, in some cases, in favor of third persons acting in good faith, bind the State by his fraudulent acts and representations. But such an officer cannot bind the State, when he does an act, or makes a representation, which is *not within the scope* of his authority. Now the appellant is charged with notice that the law required "two good sureties." How, then, could he trust a declaration that his name was wanted merely as a matter of form? It was no part of the duties of a school fund commissioner to procure sureties for the borrowers of the fund. It is the duty of the borrower to furnish the sureties. It was no part of the commissioner's duty to make representations to others, with respect to the title or value of the lands appraised to be taken as security.

The State of Iowa v. Haskell.

The law confers upon him no such power, and such a power is not necessary to enable him properly to discharge his official duties. It exists, therefore, neither expressly nor by implication.

It will be borne in mind that Bird's alleged representations as to the state of the title and value of the land, were not of facts *peculiarly* within his own knowledge, but of facts readily susceptible of ascertainment, equally open to both parties. In such cases the unauthorized act of an agent, especially a public agent whose powers and duties are defined by express statute, are not binding upon his principal or the public. See, on this subject, *Clark* v. *City of Des Moines*, 19 Iowa, 198, and the cases there referred to, particularly *Mechanics' Bank* v. *The New York and New Haven Railroad Company*, 13 N. Y., 599; *Mechanics' Bank* v. *Butchers' and Drovers' Bank*, 14 Id., 623; *S. C.*, 16 Id., 125; *Claflin* v. *Farmers' and Citizens' Bank*, 25 Id., 293; *Griswold* v. *Haven*, 25 Id., 595; *Exchange Bank* v. *Monteath*, 26 Id., 505; *Webster County* v. *Taylor*, 19 Iowa, 117; *Estep* v. *Keokuk County*, 18 Iowa, 199.

Representations of the character alluded to were representations by Mr. Bird individually, and not as fund commissioner. If the defendant has suffered thereby, his remedy is upon Mr. Bird for the fraud, and not upon the State, which never authorized Mr. Bird to make the representations either expressly or by implication, as being necessary to the discharge, or in the line of his official duty.

Whether we regard the case as an appellate court must regard it, or, without being thus fettered, consider it upon its broad merits in the light of the principles of the law applicable to the acts of public agents, or officers, we equally reach the conclusion that the decision of the District Court was correct. Its judgment is therefore

Affirmed.