## BARNEY v. BUENA VISTA COUNTY.

1. **Pleading:** COPY OF INSTRUMENTS. It is not necessary, under section 2920 of the Revision, that a copy of a written instrument, referred to in the petition, should be attached thereto. This is required only where the action is *founded on* the writing.

2. **Officer:** PRESUMPTIONS. In the absence of any thing appearing to the contrary, it will be presumed that a public officer did those things required of him in the discharge of his duties.

3. **Master and servant:** LIABILITY OF MASTER: COUNTY. While a master is not liable for the willful and malicious acts of his servant, nor for those entirely outside of the service, he is liable for those that may be said to be within the scope of his duties.

4. —— RULE APPLIED. Where the plaintiff, in making payment to a county, gave to the treasurer a county warrant in excess of the amount due, and for this excess the treasurer, instead of issuing a certificate of overplus, as provided by section 362 of the Revision, issued what purported to be a warrant, but which was void for want of authority on the part of the treasurer to execute it, it was *held*, the treasurer being authorized to receive the warrant from the plaintiff, that the county was liable to the latter for the excess thereof beyond his debt, in an action for money had and received to its use.

*Appeal from Buena Vista District Court.*

FRIDAY, FEBRUARY 23.

THE plaintiff filed in the Buena Vista district court a petition as follows:

"The plaintiff states that, during the month of August, 1866, plaintiff made a payment to the treasurer of defendant, and in making such payment presented a warrant for $225 more than the amount of the payment he desired to make; that said warrant was duly canceled by the treasurer of defendant, in his official capacity as such treasurer, but that such treasurer utterly neglected and failed to issue to plaintiff a certificate of said overplus

of $225, but issued, in lieu thereof, two instruments in writing, purporting to be warrants of defendant; that plaintiff presented said instruments in writing to the treasurer of defendant, and demanded payment thereof, which payment was by said treasurer refused; that plaintiff presented said instruments in writing to the auditor of defendant, and demanded that said auditor issue warrants thereon for the amounts in said instruments specified, but that said demand was refused by said auditor; that plaintiff then presented said instruments in writing to the board of supervisors of defendant, and demanded of them an order to authorize the auditor of defendant to issue warrants for the amount of plaintiff's claim, to wit, $225, but that said board of supervisors failed and refused to allow plaintiff's said claim, or to pay the same; that said amount is still justly due and owing from defendant to plaintiff, and wholly unpaid. Wherefore, plaintiff demands judgment for $225 with interest thereon, together with his costs of suit."

To this petition the defendant demurred as follows:

"The same does not state facts sufficient to constitute a cause of action, for the following reasons:

"1. The action is to recover a balance alleged to be due upon an alleged warrant, and no copy thereof is contained in or annexed to said petition, nor is the same alleged to be a warrant issued by defendant, nor is it in any manner alleged to have been issued by any officers authorized by defendant.

"2. The said alleged obligation issued by the county treasurer should be set forth in the petition.

"3. The defendant is not liable for the wrongful act of its treasurer, as alleged in said petition."

The demurrer was sustained. The plaintiff excepted, and, refusing to amend or further plead, but electing to stand upon and abide by his demurrer, judgment was rendered against him for costs.

Plaintiff appeals.

*G. S. Robinson* and *Griffith & Knight* for the appellant.

*Galusha Parsons* for the appellee.

DAY, J. — The demurrer should have been overruled.

I. The petition alleges that the plaintiff, in making a payment into the treasury of defendant, presented a warrant for $225 more than the payment he

1. PLEADING: copy of instrument.

desired to make, and that this warrant was canceled by the treasurer of defendant. The defendant thus became possessed of property of plaintiff greater by $225 than the credit plaintiff received. The plaintiff thus became entitled to a certificate of overplus from the treasurer. Rev., § 362. Instead of issuing this certificate the treasurer delivered to him two instruments in writing purporting to be the warrants of the defendant. These were presented for payment, and payment was refused. It is for this balance now in the possession of defendant, belonging to plaintiff, that plaintiff sues. The action is not brought upon the first warrant. That is properly in the possession of defendant and is canceled. The action is not upon the other two warrants. They were put in circulation by the treasurer without authority, and the plaintiff cannot maintain an action thereon. It is clear that the action is in the nature of one for money had and received by defendant for the use of plaintiff. Hence, it is not necessary that any copy of the warrant should be attached to the petition. This is required only when the action is *founded on* a writing. Rev., § 2920.

And for the same reason it is not necessary to allege that it was issued by defendant, or by officers authorized by

2. OFFICER: presumptions.

defendant. It was property owned by plaintiff, and has been transferred to the defendant, for which transfer plaintiff has received consideration only in part. If the treasurer had no authority to receive from

plaintiff the warrant of any other county, then the presumption is that in this regard the officer has discharged his duty, and that the warrant is that of the defendant, and the burden of alleging and proving the contrary is on the defendant. The foregoing considerations dispose also of the second ground of demurrer.

The point insisted upon in the argument, that plaintiff cannot maintain this action without surrendering the two county warrants received by him, is not presented by the demurrer, does not appear to have been urged in the court below, and hence cannot avail here.

II. The next point made by the demurrer is, that the defendant is not liable for the wrongful acts of the treasurer

3. MASTER AND SERVANT: liability of master: county. as alleged in said petition. This cause is altogether different from one where it is sought to hold a county liable in damages for the willful acts of its treasurer, from which no benefit has accrued to the county. It is clear that the county could not, in such case, be made liable. *Estep* v. *Keokuk County*, 18 Iowa, 199. This is upon the general principle that a master is not liable for the *willful* and *malicious* acts of the servant, nor for those entirely beyond or aside from his service.

The act of receiving and canceling the warrant in this case, however, was directly within the scope of the treasurer's duties. Rev., §§ 360, 362. It was beneficial to the county, for by it a debt owing to the county was received, and an indebtedness of the county upon its warrant was canceled. It is not averred that the act of the treasurer in issuing other warrants instead of a certificate of overplus, was willful, and there is no presumption that it was so. It is much more likely that it resulted from a misapprehension of the law. By this act the defendant has obtained the cancellation of a warrant to the extent of $225 belonging to plaintiff, for which plaintiff has received no consideration.

It is for this alone that plaintiff sues.   We know of no rule of law or just reason why defendant should not re-imburse the plaintiff the amount thus received.   Corporations are liable in the same manner as individuals, for the action of their servants, touching their business.  *Estep* v. *Keokuk County*, 18 Iowa, 199, and cases cited.

Reversed.