## MELLEN, CRAWFORD & CO. v. AMES AND MILLER.

1. **Conveyance:** FRAUD: WHO CAN TAKE ADVANTAGE OF. A conveyance of land, although executed for the purpose of delaying or defrauding the grantor's creditors, passes the title to the grantee against all except such creditors.

2. ———: ———: TRUST. In an action to subject certain real estate, to which M held the legal title, to the payment of the debts of A., the evidence failed to show that A. had ever purchased the land, or that M. held it in secret trust for the purpose of defrauding the creditors of A: *Held*, that a judgment for the plaintiffs should be reversed.

*Appeal from Monroe District Court.*

THURSDAY, SEPTEMBER 24.

THIS is a proceeding in equity to subject certain land to the payment of the debts of Harrison W. Ames, which land is claimed, and the legal title held, by Alpheus F. Miller, but alleged to be so held in secret trust for said Ames, and in fraud of his creditors.

Upon a trial in the District Court, a decree was rendered for the plaintiffs, from which Miller appeals.

*Yocum, Anderson & Robb*, for appellants.

*Perry & Townsend*, for appellees.

MILLER, CH. J.—The petition alleges that about the 22d day of December, 1857, Alpheus F. Miller and Edwin and Ashley Ames confederated together to cheat and defraud the creditors of said Edwin and Ashley Ames; that, in pursuance of such fraudulent intent, said Edwin and Ashley Ames, without consideration, conveyed by deed in fee simple to said Miller certain lands, described in the petition; that the Ames were the owners of the land, and were at the time of such conveyance largely indebted and insolvent, which Miller well knew; that on the 3d day of May, 1858, Miller delivered to said Edwin and Ashley Ames a mortgage on all of the real estate conveyed; that Miller held the legal title to said lands, to be reconveyed on request of said Ames; that in the year 1861, Edwin and Ashley Ames divided said land between them, Edwin taking 160 acres thereof as his share, and Ashley the balance; that on the 4th of October, said Edwin and Ashley Ames acknowledged satisfaction of the mortgage, and sometime in 1861 or 1862, Miller conveyed to Edwin Ames the 160 acres of land allotted to him by the division.

It is further alleged that sometime in 1864, Ashley Ames sold to Harrison W. Ames the lands in controversy, being a part of the lands conveyed by Edwin and Ashley Ames to Miller; that about the first of September, 1864, Harrison W. Ames removed from the State of Ohio to Monroe county, Iowa, and entered into a fraudulent combination with Miller to cheat and defraud the creditors of said Harrison W. Ames, among whom were the plaintiffs, and in pursuance thereof the said Miller, who was then holding the legal title to said land, continued to hold the same for the purpose of hindering, delaying, and defrauding the creditors of H. W. Ames, and that said Miller has, ever since the time Ashley Ames sold

said land to H. W. Ames, held said title for the fraudulent purpose aforesaid.

It is averred that the defendant, H. W. Ames, has no other property subject to execution, and it is asked that the real estate mentioned be subjected to the payment of plaintiff's claim against said defendant.

The answer of Miller denies all the allegations of fraud contained in the petition. It states that, on the 22d of December, 1857, he purchased of Edwin and Ashley Ames the land described in the petition; that said purchase was in good faith for the consideration of twenty-five hundred dollars; that said lands were then duly conveyed to him, and he entered upon and took possession thereof, and has ever since held the same; denies that Edwin and Ashley Ames, or either of them, were insolvent at the time of such conveyance; that said conveyance was duly recorded on the 23d day of December, 1857. He admits the making of the mortgage alleged for the purpose of securing to his grantors the balance of the purchase money not then paid, that the same was made in good faith; denies that he holds any of said lands in trust for any or either of said Ames, admits that he conveyed to Edwin Ames 160 acres of the land, which, he says, was in good faith for the satisfaction of the mortgage to the amount of $1,200.00; denies the alleged sale by Ashley to H. W. Ames; denies that said H. W. Ames ever had possession of the land except as his tenant, and denies every allegation of the petition not admitted in the answer.

The answer of H. W. Ames denies that he is the owner of the land in controversy, or at any time has been; denies all the allegations of fraud stated in the petition. The court entered a decree for the plaintiffs, to reverse which Miller appeals to this court.

After carefully reading and considering the evidence in the case, we are of opinion that it is not sufficient to entitle the plaintiffs to the relief prayed.

It is admitted by the pleadings, and is shown also by the proof of the sale and conveyance of the land by Edwin and Ashley Ames to Miller, that the latter became invested with

the legal title thereto. If it were conceded that this convey-
ance was made for the purpose of hindering, delay-
ing or defrauding the creditors of the grantors,
still the title passed thereby to Miller as against all persons
except such creditors. Neither the grantors of Miller nor
those claiming under them can question Miller's title. The
creditors of Edwin and Ashley Ames, if there are such, are
not here to question it. The plaintiffs claim to be creditors
of H. W. Ames, for whom they claim Miller holds the land
in secret trust. There is no sufficient evidence of any
agreement between Miller and H. W. Ames for a sale to the
latter of the land in controversy, either directly or through
Ashley Ames, as is alleged. Nor is there any evidence that
H. W. Ames ever paid anything for the lands either to Miller
or Ashley Ames. In these respects the plaintiffs have failed
to prove their case, and the judgment must be

1. CONVEY-
ANCE: fraud.

REVERSED.