TEABOUT v. ROPER & Co.

1. **Judgment by Default:** ACTION TO SET ASIDE: "UNAVOIDABLE CASUALTY OR MISFORTUNE": FACTS NOT CONSTITUTING. Where an original notice of an action is duly served upon a defendant, a married woman, she must be presumed, in the absence of evidence of mental incapacity, to understand the object and purport of the notice, and how her rights are affected thereby; and where, as in this case, she gave the copy of the notice to her husband, claiming that she did so upon the supposition that it did not relate to her individual rights, and the husband neglected to defend, and thus judgment by default was rendered against her, *held* that she could not have the judgment set aside on the ground of unavoidable casualty or misfortune, under sections 3154, 3157, 3158 of the Code.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, DECEMBER 15.

THE defendants recovered a judgment against the plaintiff by default, and this action was brought to set the same aside, under sections 3154, 3157 and 3158 of the Code, on the ground

of "unavoidable casualty or misfortune," which prevented the plaintiff from defending the action to which it is alleged she had a good defense. The court held that the plaintiff was not entitled to the relief asked, and she appeals.

*L. Bullis*, *C. Wellington* and *Brown & Portman*, for appellant.

*Cooley & Akers*, for appellees.

SEEVERS, J.—Notice of the prior action was duly served on the plaintiff, and she testified that she did not suppose it concerned her individually, and she therefore gave the same to her husband, and failed to defend the action; that about the same time many other notices and papers were served on her, which she gave her husband, and in which she was not individually interested; that in business matters she relied on her husband, and that she had but little business experience; that she did not read the notice, and, if she had believed the plaintiffs in the action were trying to make her real estate liable, she would have defended.

The return of the sheriff on the notice showed that he had read the same to the defendant. The notice stated that the relief asked in the petition was that a certain lien of the plaintiffs in the action upon certain real estate in Winneshiek county be decreed superior and prior to the interest of the present plaintiff, and that a certain deed to said premises from Francis Teabout (plaintiff's husband) to her be decreed null and void. In another action, commenced by Ray & Co. against the plaintiff, she employed an attorney to defend for her. The plaintiff has been married forty-six years, and, therefore, is well advanced in life. But there is no evidence tending to show that her mental faculties are impaired, or that she is in bad health. Nor is it claimed that she is not capable of understanding business matters. It must be assumed that she knew, or was bound to know, when the notice was read to her, that her individual rights were concerned in

the action; that it was brought to set aside a conveyance of real estate made to her by her husband, and to enforce a lien thereon.

Ordinarily, persons capable of acquiring property in any manner known to the law, have sufficient capacity to take care of and defend the same from attacks of a legal nature. But the incapacity of the plaintiff has not been shown. The most that can be said is that the plaintiff trusted her husband to see that her rights were protected, and he failed to do so. But his negligence, or the failure of the plaintiff to personally attend to the business, cannot be said to be unavoidable casualty or misfortune.

AFFIRMED.