Filed May 25, 1886.

---

No. 12,375.

## THE BOARD OF COMMISSIONERS OF FULTON COUNTY *v.* RICKEL.

COUNTY.—*Defective Bridge.*—*Injury Caused by Frightened Team.*—*Negligence.* —A county is not liable for an injury sustained by one, before entering upon a bridge, by a team becoming frightened at its defective condition, although it has been out of repair so long as to charge the county with notice.

From the Fulton Circuit Court.

*J. Rowley* and *M. A. Baker*, for appellant.
*M. L. Essick* and *O. F. Montgomery*, for appellee.

ELLIOTT, J.—The facts as they appear in the pleadings and evidence are substantially these: The appellee was seated in a carriage drawn by two horses driven by her father along one of the highways of Fulton county, on the evening of September 14th, 1884; the horses approached within a short distance of a bridge, when, becoming frightened at a plank standing upright in the bridge, they suddenly leaped backward and turned over the carriage, throwing the appellee out upon the ground and injuring her. The bridge was, and long had been, out of repair, so long that the county was chargeable with notice, and one, at least, of the county commissioners had actual knowledge, of the unsafe condition of the bridge.

Counties are not responsible for defective highways, and no action can be maintained against a county for negligence

respecting highways. Counties are liable, however, for negligence respecting county bridges. *Vaught* v. *Board, etc.*, 101 Ind. 123; *Patton* v. *Board, etc.*, 96 Ind. 131; *Board, etc.*, v. *Bacon*, 96 Ind. 31; *Board, etc.*, v. *Emmerson*, 95 Ind. 579; *Board, etc.*, v. *Legg*, 93 Ind. 523 (47 Am. R. 390); *Board, etc.*, v. *Brown*, 89 Ind. 48; *Board, etc.*, v. *Deprez*, 87 Ind. 509; *Board, etc.*, v. *Pritchett*, 85 Ind. 68; *Pritchett* v. *Board, etc.*, 62 Ind. 210; *House* v. *Board, etc.*, 60 Ind. 580 (28 Am. R. 657).

But, while counties are liable for negligence in failing to keep bridges in a reasonably safe condition for travel, they are not liable unless the injury is the proximate result of their negligent breach of duty. They are, as we understand the effect of the decisions, liable only to those who suffer an injury because the bridge is unsafe for travel; but they are not liable where the injury is suffered by a person not actually using the bridge for that purpose. Counties are not bound to so maintain bridges as that horses will not take fright at them; the extent of their duty is to so maintain their bridges as that they may be safely used by persons travelling on the highway. If we are correct in this, then no action will lie where the injury is caused before the bridge is entered, by the horses of the traveller taking fright, for, where there is no duty, there can be no breach, if no breach, then no action. If the duty does not extend so far as to require a county to so keep their bridges as that horses shall not take fright, then an injury caused by horses becoming frightened at the condition of the bridge is not the proximate result of a breach of duty, and it is only for injuries proximately resulting from a breach of duty that a public corporation can be made liable.

It seems to us too plain to require argument, that if the duty of a county does not extend so far as to require it to keep its bridges in such a condition as that horses shall not take fright, it can not be liable where the injury occurs before the bridge is entered, and results from the horses becoming frightened at the condition of the bridge. It is perhaps true

that the question whether the duty of the county does go to that extent, is not so free from difficulty, but we think that on principle it is demonstrable that it does not go to that extent. Counties are political divisions of government, and exercise local governmental powers. They are not liable to civil actions unless charged by law with a specific duty and provided with the authority of securing means to enable them to perform that duty. We think that our law imposes no other or greater duty upon counties with respect to bridges than that of using ordinary care and diligence to make and keep them safe for travel for those who go upon them for that purpose. We do not believe that they are bound to erect sightly structures, nor to so maintain them as that animals shall not be frightened by them. If they are kept reasonably safe for use by those who properly go upon them, no more is required. That this is the just and reasonable rule is proved both by a consideration of the character of the political corporation and by the evil consequences to which any other rule would inevitably lead. Counties embrace a large extent of territory governed by three officers, and it is neither reasonable nor just to require that those officers should be compelled to so maintain bridges as that no injuries should result from horses taking fright. The rule that cities are liable for defective bridges or streets is founded on the principle that they are provided with means for keeping them safe, and it is often said that their responsibility is only commensurate with their ability. Applying this principle to counties—and it is the only one upon which the liability of cities can be sustained with any fair show of reason—it is manifest that the means at their command are not commensurate with the responsibility fastened upon the county by this judgment, holding it liable for an accident resulting from horses taking fright at a plank standing upright in the bridge. We are not willing to stretch the doctrine to any such extent. If we should so far stretch this doctrine, then evil consequences would result, for no standard could be framed by which to

measure the duty or liability of a county. Suppose the rule adopted by the trial court to be taken as the correct one, then what would be the result if the horses took fright one hundred yards or one-fourth of a mile from the bridge? Or, supposing the rule to be that adopted below, what object or what condition of the bridge should be deemed sufficient to charge the county with negligence? It is our deliberate conclusion that the decisions have gone to the very verge in holding a county liable where persons who have entered a bridge have sustained injury because of the negligence of the county officers in constructing or maintaining the bridge, and we can carry the doctrine no further.

We are satisfied that neither the complaint nor the evidence shows any cause of action in the appellee.

Judgment reversed.

Filed May 25, 1886.