TEABOUT v. JAFFRAY & COMPANY *et al.*

**Fraudulent Conveyance :** SUBJECTION OF PROPERTY TO GRANTOR'S DEBT : RIGHT OF GRANTEE TO REDEEM FROM SALE : TIME. While the statutory right to redeem from an execution sale can be exercised only within the period and in the manner prescribed by the statute, the right of the grantee in a fraudulent conveyance to discharge a judgment against his grantor, which has been adjudged a lien upon the property, is an equitable one, and quite different. And where a husband conveyed a farm to his wife in fraud of creditors, and afterwards a judgment was recovered against him, and in an action against her it was decreed to be a lien on the farm, and before the sale she appealed from the judgment, but the appeal was not decided until more than a year after the sale, *held* that the sheriff was properly enjoined from executing a deed under the sale at the end of the year, and that upon the judgment creating the lien on the property being affirmed, and the payment by her, soon thereafter, to the clerk of the court in which the judgment was rendered, of the amount of the lien, though this was more than a year from the date of the sale, the property was discharged of the lien, and the injunction against the sheriff was properly made perpetual.

*Appeal from Winnesheik Distr ict Court.*—Hon. C. T Granger, Judge.

Filed, March 8, 1888.

Action in equity to enjoin the execution of a sheriff's deed. The facts are stated in the opinion. The judgment was for plaintiff. Defendants appeal.

*E. E. Cooley* and *W. E. Akers*, for appellants.

*L. Bullis* and *C. Wellington*, for appellee.

Reed, J.—On the sixth day of September, 1881, John Roper & Company recovered a judgment against Francis Teabout for about sixteen hundred dollars. At that time Emily Teabout, who was the wife of Francis Teabout, held the legal title to a farm in Winnesheik county, which was conveyed to her several years before by said Francis. Roper & Company instituted a suit in equity to subject the property to their judgment, alleging that the conveyance under which Emily Teabout held it was executed for the purpose of fraudulently covering the property from the creditors of the husband. Emily Teabout was served with the original notice in the action, but she neglected to appear or answer therein, and on the seventeenth of January, 1882, judgment was entered against her by default, in accordance with the prayer of the petition. On the fifth day of August, 1882, the property was sold on execution by the sheriff for the satisfaction of the judgment, and Roper & Company bid it in for the amount of their judgment and costs, and a certificate of purchase was issued to them by the sheriff. In October, 1882, Mrs. Teabout filed her petition, alleging that she was prevented by unavoidable casualty and misfortune from making her defense in the equity case of Roper & Company against her, and praying that the judgment rendered therein be set aside, and that she be permitted to make her defense. That application came on for

hearing at the January term, 1883, of the circuit court, the original judgment having been rendered in that court, and on the hearing she was denied relief. From that she appealed to this court, but at the December term, 1883, the judgment was affirmed. See 62 Iowa, 603. While the appeal was pending she instituted this suit, alleging in her petition that unless the sheriff, who was made a party, was enjoined from so doing, he would, on the expiration of the year allowed by the statute within which the property might be redeemed from the sale, execute a deed to the purchaser ; and a temporary injunction was allowed by the judge. Soon after the order of affirmation was entered in this court, she paid to the clerk of the circuit court the amount which he represented was necessary to effect the redemption of the property from the sale, and he issued to her a certificate. It transpired afterwards, however, that the clerk had made a mistake in his computation, and that the amount paid was not sufficient ; but when this discovery was made she paid an additional sum, which, with that formerly paid, was sufficient to satisfy the money judgment against her husband. Pending the action, Mrs. Teabout executed a conveyance of the property to Angie Valleau, and she was substituted as plaintiff. Roper & Company also assigned the certificate of purchase to E. S. Jaffray & Company, and they intervened in the action. The judgment of the district court perpetuates the injunction.

It will be observed that the payment of the money was made after the expiration of one year from the date of the sale. Plaintiff has proceeded upon the theory that the right remaining to her after the sale of the premises was the statutory right of redemption, and that, owing to the peculiar circumstances of the case, she is in equity entitled to an extension of the time within which to exercise the right. While we are able to reach the result which plaintiff seeks to attain, we do not adopt that theory as to the nature of her right. The rule undoubtedly is that a statutory right of redemption can be exercised only within the period and

in the manner prescribed by the statute creating it. It is true that this court has in two cases permitted the right to be exercised after the expiration of the period; but, as is apparent from the opinions, that result was reached after much hesitancy, and the holding is based upon the special facts of the cases. *Hughes v. Feeter*, 23 Iowa, 547; *Wickersham v. Reeves*, 1 Iowa, 413. These cases cannot be regarded as establishing a rule upon the subject, but are exceptional. The provisions of the statute with reference to the redemption of real estate from execution sale have relation to cases in which the property of the defendant has been sold in satisfaction of a judgment against him. Perhaps they would apply to the case of a purchaser who had taken the property subject to the lien of a judgment; but we need not inquire as to that in the present case. The judgment for the satisfaction of which the property in question was sold was against plaintiff's grantor, and he alone was liable for the debt. Neither was it a lien on the property when she acquired the title, for it was not rendered until long after that. The property, however, was subjected to the satisfaction of the judgment by the decree in the equity action. The effect of that decree was to create a lien upon the property for the security of the money judgment. *Howland v. Knox*, 59 Iowa, 46. The conveyance to plaintiff, although fraudulent as to creditors, was valid as between her and her husband. *Wright v. Howell*, 35 Iowa, 288; *Mellen v. Ames*, 39 Iowa, 283. Plaintiff, then, was the owner of the property, but she held it subject to the lien created by the decree; and she had the right, for the purpose of protecting her interest, to discharge the lien. But that right is quite distinct from the right of redemption created by Code, section 3102. It is a purely equitable right, and it continues until her interest in the property is divested by a sale and deed. But when the sale was made she was contesting in good faith, and in the manner prescribed by law, the right of the judgment creditor to subject her property to the satisfaction of his judgment. He had his decree establishing his lien,

it is true, but she was seeking by a proper and timely proceeding to set it aside; and, until that proceeding should be terminated, it could not be determined that she would ever have occasion to exercise the equitable right to discharge the lien, for it could not be sooner known that the decree establishing it would be maintained. The question whether it would be necessary for her to exercise the right depended upon whether she would succeed in her application to set the decree aside, and she could not be required to exercise it until that was determined; and a court of equity will ordinarily interfere by injunction to preserve or continue a right until the termination of the litigation upon the result of which the right depends. The money was properly paid to the clerk of the court in which the judgment was rendered. Money paid in satisfaction of a judgment may always be paid to that officer. The failure to pay the full amount in the first instance was the result of an honest mistake, and, as plaintiff made good the deficiency as soon as the mistake was discovered, her rights will not be defeated thereby. We are of the opinion that the result reached by the district court is right, and the judgment will be                              AFFIRMED.