## HEATHCOTE v. HASKINS & CO.

1. **Judgment**: VACATION: NEWLY-DISCOVERED EVIDENCE. Plaintiff made default in an action against him, although he knew that the debt on which he was sued had been paid and that receipts had been given therefor. In an action to set aside the judgment rendered on the default, he alleged that he was not able to find the receipts prior to the rendition of the judgment, but that he had since found them ; but he did not allege facts showing due diligence in searching for the receipts. *Held* that he was not entitled to a new trial, under section 3154 of the Code, on the ground of newly-discovered evidence.

2. ——: ——: UNAVOIDABLE CASUALTY OR MISFORTUNE. Where one is aware of the nature of the claim asserted against him in an action at law, and of the disadvantage under which he labors on account of being a foreigner and unacquainted with the English language, and yet neglects to seek information from others who are informed ; and where he knows that the debt has been paid and receipts given therefor, and he makes some effort to find the receipts but is unable to find them, and he makes default and judgment is rendered thereon, he cannot, under section 3154 of the Code, have the judgment set aside on the ground of unavoidable casualty or misfortune, especially where he fails to show that he made due effort to find the receipts, or that he could not have proved the fact of payment by other evidence.

3. ——: FOUNDED ON FALSE TESTIMONY: VACATION. Where a defendant in an action knows in advance that the claim asserted against him has been paid, and that judgment can be had only upon false testimony, and knows of the existence of evidence by which the false testimony can be rebutted, but he neglects either to produce that testimony or to assert his defense, but allows judgment by default to go against him, he cannot afterwards have the judgment vacated because it was obtained on false testimony.

*Appeal from Lucas District Court. —* HON. DELL STUART, Judge.

FILED, MAY 29, 1888.

IN 1886 the defendants brought an action against the plaintiff and John and Thomas Heathcote for the enforcement of a mechanic's lien. The defendants in that action were all duly served with the original notice. Thomas Heathcote being a minor, a guardian *ad litem* appointed by the court answered for him, denying the allegations of the petition. Neither John Heathcote nor this plaintiff made any appearance, and judgment was rendered against them by default. Within one year from the rendition of the judgment plaintiff filed his petition in this action, praying that the default be set aside, and for a new trial. Defendants demurred to the petition, but the demurrer was overruled, and upon their election to stand on the demurrer an order was entered as prayed for in the petition. Defendants appeal.

*Mitchell & Penick,* for appellants.

*Dungan & Leech,* for appellee.

REED, J.—The question to be determined is whether the case is brought by the allegations of the petition within the provisions of section 3154 of the Code. The averments are that the debt sued for in the original petition was fully paid and discharged before that action was commenced ; that when the original notice was served on plaintiff, he commenced to investigate with reference to the claim asserted by defendants, but was unable to find the receipts given by them to him and his co-defendants in the action for the moneys paid by them on the claim, the same not then being in his possession ; that since the rendition of the judgment he has procured said receipts, which show that the claim has been fully paid and discharged ; that defendant,

"for the purpose of obtaining said judgment, fraudulently procured the said John Heathcote to appear in his own behalf, and consent to said judgment being rendered in said cause, and for said purpose fraudulently procured the said John Heathcote to swear that said debt still existed, and was unpaid, and that the allegations of their petition were true ; and that upon said false and fraudulent testimony the court rendered the judgment against plaintiff." Also, that plaintiff, being a foreigner, and but slightly acquainted with the language and customs of this country, did not know what was necessary to be done for the protection of his rights in the action. It was contended by counsel for appellee that under these allegations the party is entitled to have the judgment vacated on the grounds (1) of newly-discovered evidence ; (2) of unavoidable casualty or misfortune preventing him from defending in the action ; and (3) of fraud practiced by the defendants in obtaining the judgment.

I. Is plaintiff entitled to relief on the ground of newly-discovered evidence? To entitle a party to a new trial, or the vacation of a judgment, on this ground, it must be shown that he exercised all reasonable diligence to discover the evidence before the trial or the rendition of the judgment, and that he was unable to do so. The allegations of the petition do not show that plaintiff exercised that degree of diligence. It is fairly to be inferred from the petition that he knew before the judgment was rendered that the receipts were in existence, for it is averred that he was unable to find them, and that they were not in his possession. It is not shown that he applied to either of his co-defendants in the action for them, or for information with reference to them, nor is there any showing as to what efforts he made to find them. It is very clear that he is not entitled to relief on this ground.

1. JUDGMENT: vacation : newly-discovered evidence.

II. It is equally clear that the allegations of the petition do not show that he was prevented by

2. ——:——: unavoidable casualty or misfortune.

unavoidable casualty or misfortune from making his defense. The fair inference from the petition, as we have said, is that he knew the debt had been paid, and that the receipts which defendants had given would show that fact. The allegations are that he was prevented from making his defense by his ignorance as to what was necessary to be done to protect his rights, and by his inability to find the receipts. But he knew the nature of the claim asserted against him, and was also aware of the disadvantage under which he labored in consequence of his ignorance. It was also apparent to him that something was necessary to be done for the protection of his rights. The fact that he was ignorant on the subject imposed upon him the necessity and duty of seeking information from others who were informed with reference to it; and he remained in ignorance because of his neglect to pursue that course, and his failure to make the defense is attributable to that neglect, rather than to his ignorance. His inability to find the receipts did not necessarily prevent him from making his defense, for, as stated above, it does not appear that he might not by the exercise of reasonable diligence have found them in time for the trial. Neither is it shown that he could not have proven the fact of payment by other evidence than the receipts. As to this question the case comes within the rule of *Miller v. Albaugh*, 24 Iowa, 128.

III. That the production upon the trial of false testimony to establish a cause of action or defense would in many cases amount to such a

3. ——: founded on false testimony : vacation.

fraud as would entitle the adverse party to a new trial, or the vacation of the judgment, is certainly true. This would be so if the fact of its falsity or the evidence by which the fact could be established was not discovered until after the trial or the rendition of the judgment. But it would be trifling with the law to permit a party, who, being advised in advance that testimony of that character would be resorted to on the trial, and who knew also

of the existence of evidence by which the false testimony could be rebutted, but who neglected to either produce that evidence or assert his defense, to afterwards question the judgment because it was founded on that testimony ; for, while it is the policy of the law to afford the parties to litigation the fullest opportunity for the establishment of their rights, it is equally its policy to maintain and enforce the judgments pronounced by the courts after those opportunities have been enjoyed by the parties ; and it appears to us that that is the position in which plaintiff is placed by the averments of his petition.    As he knew the nature of the claim asserted against him and the fact that it had been paid, he of necessity knew that it could be established only by false testimony.   Yet he neither pleaded the fact of payment nor offered evidence to prove it.   If he had not known of the payment, but had discovered that fact since the rendition of the judgment, the case might be different. But that he did know it is fully inferable from the allegations of the petition, and upon that state of facts he is not in position to question the judgment.   He has had his day, and has enjoyed the opportunities afforded by the law for making his defense.

REVERSED.