Smith *v.* The Board of Commissioners of Allen County.

Filed April 2, 1892.

---

No. 15,684.

Smith *v.* The Board of Commissioners of Allen County.

County.—*Liability to Workmen Tearing Down Bridge.—Liable Only to a Traveller.*—A county is not liable for any injury to a servant while engaged in tearing down one of its bridges, although he works under the immediate charge or control of its agent, who is known to the board of commissioners to be incompetent. For an injury occasioned by an insufficient bridge, it is liable only to a traveller.

From the Allen Superior Court.

*P. A. Randall, W. J. Vesey, L. M. Ninde* and *W. H. Ninde,* for appellant.

*R. C. Bell* and *S. R. Morris,* for appellee.

Smith *v.* The Board of Commissioners of Allen County.

MILLER, J.—This action was brought to recover for personal injuries sustained by the appellee, while engaged as a laborer in tearing down a bridge, preparatory to the construction of a new one.

The appellee, at the time he was injured, was in the employ of the county, working under the personal superintendence of one of the members of the board of commissioners who had charge of the work.

The court sustained a demurrer to each paragraph of the complaint, and this ruling is assigned as error.

The cause of action is stated in various forms in the several paragraphs. The first and second aver that the member of the board, who was in charge of the work, was negligent in the discharge of his duties, and that on account of this negligence the plaintiff was injured.

The third paragraph charges that the board of commissioners negligently selected an incompetent and inexperienced superintendent to supervise the tearing away of the bridge, and that by reason of his incompetence and unskilfulness the plaintiff was injured.

In our opinion the court did not err in sustaining the demurrers to either paragraph of the complaint.

A county is a civil or political division of the State, created by general laws to aid in the administration of the government, and in the absence of a statute imposing special duties with corresponding liabilities, is no more liable for the tortious acts or negligence of its officers and agents than the State. *Abbett* v. *Board, etc.,* 114 Ind. 61 ; *Board, etc.,* v. *Rickel,* 106 Ind. 501 ; *Sherbourne* v. *Yuba Co.,* 21 Cal. 113 ; *Symonds* v. *Board, etc.,* 71 Ill. 355 ; *Hollenbeck* v. *County of Winnebago,* 95 Ill. 148 ; *Estep* v. *Keokuk Co.,* 18 Iowa, 199.

The only exception to this rule which has been recognized in this State is the liability of counties for the negligent construction or failure to keep in repair county bridges, the keeping of which in repair is specially imposed upon boards

of county commissioners by statute.    Section 2892, R. S. 1881.

In the case of *Board, etc.,* v. *Rickel, supra,* it was held that this liability exists only in favor of travellers when in the actual use of the bridge.

We are not disposed to extend this liability beyond the point marked out and established by previous decisions of this court.

We find no error in the record.

Judgment affirmed.

Filed April 6, 1892.