ESTHER SEDDON, Appellant, v. STATE OF IOWA.

**Setting Judgment Aside:** FRAUD OF SUCCESSFUL PARTY: *Power of sheriff in liquor injunction suits not brought by him.* Under Code, section 1551, making it the duty of peace officers to execute the liquor law, and to make complaint on being informed of its violation, a sheriff is a representative of the state in actions under such law, only where he is complainant; and in civil action for an injunction, commenced by the county attorney on behalf of the state, statements made by the sheriff to the defendant, which induced such defendant to make default, do not constitute fraud on the part of the successful party, authorizing a vacation of the judgment.

UNAVOIDABLE MISFORTUNE. Where a defendant failed to appear and defend an action by the state, in reliance on statements made by the sheriff, who had no authority to bind the state as plaintiff, such facts do not constitute unavoidable misfortune, preventing a defense, which will support an action to vacate the judgment.

*Appeal from Appanoose District Court.*—HON. FRANK W. EICHELBERGER, Judge.

SATURDAY, DECEMBER 12, 1896.

THIS is a proceeding to vacate a certain liquor injunction decree rendered by the district court of Appanoose county on the fourteenth day of May, 1895, in an action wherein the state was plaintiff, and the plaintiff herein and one William Wilson were defendants, on the grounds:   (1) That the decree was irregularly obtained; (2) that it was obtained through fraud practiced by the successful party in obtaining the decree; (3) for unavoidable misfortune, preventing the plaintiff from appearing and defending the main case.   The lower court sustained a demurrer to the plaintiff's petition, and she appeals.—*Affirmed.*

*C. F. Howell* for appellant.

*C. W. Vermilion* and *H. E. Valentine* for appellee.

DEEMER, J.—It may be conceded that plaintiff sets forth facts in her petition which would have constituted a defense to the original action had she appeared and presented them at a proper time. Her petition was presented, however, after the term at which the decree was rendered, and it is necessary for her to establish some one or more of the grounds alleged by her as a reason for vacating the decree. That she was duly served with an original notice of the suit in which she and Wilson were defendants is conceded, and it is also admitted that she permitted a default to be taken against her and the property of which she was the owner, upon which it was claimed the nuisance existed. But she says that the sheriff of the county stated to her husband,—who was her agent,—after the original notice was served, that: "You folks have done all you can to right yourselves.   You put the nigger out, and that is all we can expect of you.   We ain't going to ask anything against you folks; so don't bother yourselves

about the matter." She also claims that the deputy
sheriff said to her at the time he served the original
notice: "That if I would have the man who was using
the lot, stop selling in the place, I would not be hurt.
You go down and get him off, and you will be all
right. That is all we will ask of you." She further
says that she immediately removed the occupant from
the lot, and supposed that was the end of the case.
She also says that her husband informed her of the
statements made to him by the sheriff, and that for
these reasons she did not appear and defend the
case. There is no reason for asserting that the
decree was not regularly obtained. The only ques-
tions in the case are, do these statements, which were
made by the sheriff and his deputy, constitute such
fraud by the successful party as will furnish sufficient
grounds for vacating the judgment, or should we say
from the whole record, that there was such unavoida-
ble misfortune, preventing the plaintiff from defend-
ing, as entitled her to the relief prayed? It will be
noticed that the statements made to the plaintiff, and
upon which she relied, were not made by the success-
ful party, unless it be held that the sheriff and his
deputy were either the successful parties, or that they
represented the party who succeeded in such manner
as that statements made by them would be binding
upon the plaintiff in the main suit. That these officers
were not the persons who succeeded in the main suit,
must be conceded, and that such officers do not ordi-
narily represent either of the parties to a suit, so that
declarations, such as those relied upon in this case,
would be binding, must also be conceded. As a gen-
eral rule, the sheriff is not such an officer of the state
as to bind it by any such representations as are here
relied upon. Such statements are without actual or
apparent authority, and are not necessary to, or in line
with, the discharge of his official duty. It is said on

behalf of appellant, however, that this general rule is changed by section 1551 of the Code, which provides, in part, that "all peace officers shall see that the provisions of this chapter [the one relating to intoxicating liquors] are faithfully executed, and when informed that the law has been violated, or when they have reason to believe that the law has been violated, and that proof of the fact can be had, such officers shall go before a magistrate, and make information of the same and of the person so violating the law." It is sufficient to say, in answer to this contention, that the original action was not instituted by the sheriff under the provisions of the statute quoted. It was a civil suit, brought by the state, through the county attorney, to secure a writ of injunction; and the sheriff had no other connection with it than to serve the papers as he would in any other action. The statute does not make him the general agent of the state in such matters. He is a special agent when acting under this statute, and is limited in authority. In the case of *Fries v. Porch*, 49 Iowa, 351, in construing this statute with reference to the power and authority of a sheriff who had seized intoxicating liquors under and by virtue of a search warrant, we said: "He [the sheriff] had no more authority to agree that plaintiff might take judgment for the possession of the liquors than he would have had to consent that in a proceeding of *habeas corpus* judgment might be entered for the discharge of the prisoner." Again, in the case of *State v. Haskell*, 20 Iowa, 276, we said, in construing powers of public agents in general, that "such an officer cannot bind the state when he does an act or makes a representation which is not within the scope of his authority." It is clear that the state never authorized, either expressly or by implication, the statements made by the sheriff or the deputy in this case. And if this be true, it follows

that the plaintiff had no right to rely upon them. There was no fraud, then, practiced by the successful party in obtaining the judgment. Was there such unavoidable misfortune preventing the plaintiff from defending as entitles her to relief? We think this question is answered by the last preceding statement that the plaintiff had no right to rely upon the representations of the officers. If it was a misfortune, it was not unavoidable, for plaintiff must have known that she had no right to rely on the statements.so made. But we do not think there was such a misfortune or casualty—such a calamity or mishap or unlucky accident—as law contemplates when it makes misfortune a ground for vacating a judgment. The cases of *Teabout v. Roper*, 62 Iowa, 603 (17 N. W. Rep. 906), and *Heathcote v. Haskins*, 74 Iowa, 566 (38 N. W. Rep. 417), are in point upon this proposition. The district court correctly sustained the defendant's demurrer, and its judgment is AFFIRMED.