'A. M. DE FRANCE, Appellee, v. IDA REEVES, ET AL.,
Appellants.

**Resulting trusts:** EVIDENCE OF INTENT.  A resulting trust in favor
1 of one paying the purchase price of land and taking the title
in the name of another will not be established except upon clear
and satisfactory evidence that the person so furnishing the money
intended to take an interest in the property.

**Same.**  Where the husband furnished the money to purchase land
2 taking the title in his wife's name, no trust resulted *prima facie*
in his favor, but it will be presumed that the furnishing of the
purchase price was an advancement to the wife.

**Same:** ACTION TO QUIET TITLE: EVIDENCE.  In this action by the hus-
3 band to quiet title to land on the ground that it was purchased
with his money and the title taken in his wife's name, the evi-
dence is held to show that the same was purchased either with
the wife's money or that the title was placed in her name to
defeat plaintiff's creditors, and in neither event was the husband
entitled to relief.

*Appeal from Wapello District Court.*—HON. D. M.
ANDERSON, Judge.

TUESDAY, APRIL 5, 1910.

ACTION in equity to quiet title.  There was a decree for
the plaintiff.  The defendants appeal.  *Reversed.*

*Steck, Daugherty & Steck,* for appellants.

*Jaques & Jaques* and *W. W. Epps,* for appellee.

SHERWIN, J.—The appellee is the surviving husband
of Amanda De France, who died in March, 1906, seized
in fee of the real estate involved in this action.  The

appellee in his petition alleges that he is the owner of one-half of said real estate by inheritance or descent from his said wife, and the owner of the remaining one-half of the property for the reason that his wife held the legal title thereto in trust for him; he claiming that all of the property was purchased with his money, but that the title thereto was placed in her name under an agreement that she would hold the same for him and for his benefit.

The appellants admit that the appellee is the owner of a one-half interest in said property by descent from his wife, Amanda De France, but allege that Amanda De France was the absolute owner of said property, and that they, as her heirs, are entitled to an undivided one-half thereof. The appellee and Amanda De France, his wife, were married in 1884. In 1885 or 1886 the appellee went to Omaha, Neb., where he remained about six months, and during that time he was engaged in the saloon business. In October, 1886, he sold his interest in the Omaha saloon and returned to Ottumwa, Iowa. On the 16th of October, 1886, a part of the property involved herein was purchased by the appellee, and the same was conveyed by the then owner by warranty deed to Amanda De France. In May, 1900, the rest of the property herein involved was purchased and conveyed to Amanda De France. The property first conveyed to Mrs. De France was occupied as the family homestead until her death in March, 1906. In 1889 a pop manufacturing business was established by the appellee on the homestead property. The business in all of its branches being conducted in the wife's name, and from the profits of such business the other property was bought and paid for.

The appellee contends, and the trial court so found, that the homestead was bought with his money, and that he at all times was the beneficial owner of the same. He also claims that he was at all times the owner of the pop business, and that it was conducted in his wife's

name only for the purpose of securing enlarged credit, and that the other real estate purchased was paid for from the profits of the business, and that his wife held the title thereto for his benefit.

We think the trial court reached a wrong conclusion. It is well established that a resulting trust will not be declared unless the evidence in support thereof is clear, certain, and convincing. *Murphy v. Hanscome,* 76 Iowa, 192. If it be shown that the person who furnished the money for the purchase did not intend to take a beneficial interest, or if the conveyance is to one who stands in such relation to him as to indicate that the consideration was an advancement or gift to the one who takes the legal title, no trust will result. *Acker v. Priest,* 92 Iowa, 610.

*1. RESULTING TRUSTS: evidence of intent.*

Where money is furnished by the husband for the purchase of land, the legal title to which is placed in the wife's name, there is a presumption that the money was furnished by way of advancement, and not for the purpose of creating a trust in favor of the husband. *Andrew v. Andrew,* 114 Iowa, 524.

*2. SAME.*

With the equitable rules in mind, let us look at the evidence supporting the claim of the appellee. The wife stated that the title was placed in her name "for safety, if anything should happen." Nothing could happen except the death of the husband before that of the wife, or business reverses which might absorb the property, in either of which events the wife would receive no protection from the conveyance unless something more than the naked legal title was vested in her. She must also have the beneficial interest, because, if she held only in trust for the appellee, his heirs and his creditors could enforce the same after his death. Not only was the title to the property in her name, and the pop business conducted in her name but in a suit against a third party the appellee signed and verified a petition in

*3. SAME: action to quiet title: evidence.*

which it was stated that the plaintiff therein, Amanda De France, was the owner of certain shipping cases, the recovery of which was sought in said suit. And on the trial of this case the appellee admitted that the cases involved in the suit against such third party were some of the cases used in the business conducted in his wife's name. A suit was also brought in his wife's name against one Kruger, in which the appellee testified that the property was owned by his wife, and that he was simply managing it for her as her agent. One W. A. Carnes obtained a judgment against the appellee in January, 1888, upon which executions were repeatedly issued and as often returned unsatisfied, until after the wife's death in 1906. And he told Mr. Carnes' attorney that he had no property; that the property and business belonged to his wife. Similar statements were made to others. He counseled and assisted his wife in making a will, by which she asserted ownership of the property and undertook to dispose of the same and after her death he offered the will for probate. Upon the trial of this case below he swore that he did not own or claim to own the pop business and factory, but his wife owned it until it was sold, and that he transacted her business as an agent. Furthermore, before any of the property in controversy had been acquired, the appellee executed a chattel mortgage for $500 which was without consideration and never was paid.

It is manifest that the title to the property bought in 1900 was either bought with the wife's money, or placed in her name for the purpose of defeating the claims of his creditors, in either of which events the appellee can have no relief.

Where title is conveyed for the purpose of defrauding creditors, equity will not restore it. *Mellin Crawford Co. v. Ames*, 39 Iowa, 283; *Briggs v. Coffin*, 91 Iowa, 329; *Baldwin v. Davis*, 118 Iowa, 36; *Cloud v. Malvin*, 108 Iowa, 52. The conduct and the statements of the appellee,

together with the whole record, leave no doubt in our minds as to the judgment which should be rendered herein.

The plaintiff has failed to make a case, and the judgment must be, and it is, *reversed.*